LETTS, Judge,
specially concurring.
I specially concur because I do not believe the majority opinion stresses that the trial judge, upon remand, may come to the same conclusion as he did before.
I am also apprehensive that it appear we are suggesting that monthly reports are but “technical” niceties. True, they involve some paper work compliance by the *273 supervisor and certainly, a failure to report does not rise to the level of an armed robbery. Nonetheless, by definition, probation envisions supervision and control by the department of corrections. Among other normal requirements of this supervision and control, is the duty to report to the probation supervisor [see section 948.-08(l)(a), Florida Statutes (1983) ]. Without such reporting, coupled with the monster case load endured by probation officers, there will be, as a practical consequence, no control and no supervision — ergo nonexistent probation.
Accordingly, I view failure to report as a serious violation of probation regardless of any technicalities involved in the manner of its fulfillment.